Ralph S. LaMontagne, Jr. [State Bar No. 91536]
rlamontagne@l-a-lawoffices.com
Eric A. Amador [State Bar No. 143395]
eamador@l-a-lawoffices.com
LaMONTAGNE & AMADOR, LLP
150 S. Los Robles Avenue, Suite 940
Pasadena, California 91101
Telephone: (626) 765-6800
Facsimile: (626) 765-6801

Attorneys for Defendants
ALLEGIANT TRAVEL COMPANY and
ALLEGIANT AIR, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. ROOF,<br><br>    Plaintiff,<br><br>    vs.<br><br>ALLEGIANT TRAVEL COMPANY; ALLEGIANT AIR; DOES 1 TO 100, INCLUSIVE<br><br>    Defendants. | Case No. 2:15-cv-08817 DDP (PLAx)<br><br>**ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW, defendants Allegiant Travel Company ("Allegiant Travel") and Allegiant Air, LLC ("Allegiant Air") (erroneously sued and served herein as "Allegiant Air") (collectively, "Defendants"), and hereby answer the Complaint--Personal Injury, Property Damage, Wrongful Death ("Complaint") of plaintiff David C. Roof ("Plaintiff"), as follows:

Except to the extent Defendants expressly admit any of Plaintiff's allegations, Defendants deny all such allegations. Moreover, to the extent that the Complaint sets forth opinions or legal conclusions, Defendants have no obligation to respond, and deny all such allegations.

1.     Responding to Paragraph 1 of Plaintiff's Complaint, Defendants admit that Plaintiff alleges causes of action against them.  Defendants deny, however, that Plaintiff is entitled to relief.

2.     Responding to Paragraph 2 of Plaintiff's Complaint, Defendants state that the paragraph contains no factual or legal allegations to which Defendants can respond.

3.     Responding to Paragraph 3 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, Defendants deny each and every allegation set forth therein.

4.     Responding to Paragraph 4 of Plaintiff's Complaint, Defendants state that the paragraph contains no factual or legal allegations to which Defendants can respond.

5.     Responding to Paragraph 5 of Plaintiff's Complaint, Defendants admit the allegations set forth therein.

6.     Responding to Paragraph 6 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, Defendants deny each and every allegation set forth therein.

7.     Responding to Paragraph 7 of Plaintiff's Complaint, Defendants state that the paragraph contains no factual or legal allegations to which Defendants can respond.

8.     Responding to Paragraph 8 of Plaintiff's Complaint, the allegations set forth therein consist solely of opinions and legal conclusions, and, therefore, Defendants have no obligation to respond.

9.     Responding to Paragraph 9 of Plaintiff's Complaint, Defendants state that the paragraph contains no factual or legal allegations to which Defendants can respond.

10. Responding to Paragraph 10 of Plaintiff's Complaint, the allegations set forth therein consist solely of opinions and legal conclusions, and, therefore, Defendants have no obligation to respond.

11. Responding to Paragraph 11 of Plaintiff's Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, Defendants deny each and every allegation set forth therein.

12. Responding to Paragraph 12 of Plaintiff's Complaint, Defendants state that the paragraph contains no factual or legal allegations to which Defendants can respond.

13. Responding to Paragraph 13 of Plaintiff's Complaint, the allegations set forth therein consist solely of opinions and legal conclusions, and, therefore, Defendants have no obligation to respond.

14. Responding to Paragraph 14 of Plaintiff's Complaint, Defendants state that the paragraph contains no factual or legal allegations to which Defendants can respond. To the extent Paragraph 14 can be interpreted as setting forth factual allegations, Defendants deny that Plaintiff is entitled to any relief.

15. Responding to Paragraph 15 of Plaintiff's Complaint, Defendants state that the paragraph contains no factual or legal allegations to which Defendants can respond.

**First Cause of Action – General Negligence**
**(Attachment to Complaint)**

Responding to the Cause of Action-- General Negligence of Plaintiff's Complaint, to the extent that the allegations set forth therein are directed at other defendants and/or consist solely of opinions and legal conclusions, Defendants have no obligation to respond. To the extent that a response is deemed required, Defendants deny each and every allegation directed at them.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state facts sufficient to state a claim for relief against Defendants.

2. Plaintiff may lack capacity and/or standing to bring this action.

3. To the extent Plaintiff was injured, Defendants were not the actual cause of those injuries.

4. Plaintiff's damages, if any, were proximately caused by the acts or omissions of other persons and entities over whom Defendants had no control or right of control, and said acts or omissions were the sole proximate cause of Plaintiff's damages, if any.

5. Plaintiff's damages, if any, were caused by the acts or omissions of other persons or entities for which Defendants are not liable or responsible. In the event Defendants are found liable to Plaintiff, which Defendants expressly deny, Defendants may be entitled to indemnification, contribution or apportionment of liability and fault pursuant to applicable law.

6. Claims and recovery by Plaintiff may be barred, in whole or in part, under the applicable laws governing comparative fault, contributory negligence, and/or assumption of the risk due to the acts or omissions of the Plaintiff.

7. The damages, if any, of Plaintiff may have been directly and proximately caused by an unavoidable accident or act of God for which Defendants are not liable.

8. Plaintiff's Complaint should be dismissed on the ground that Plaintiff has failed to join necessary and indispensable parties.

9. Plaintiff's damages, if any, may be barred and/or limited under applicable law.

10. Defendants complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

11. Plaintiff's damages, if any, may be barred and/or limited under applicable law due to his failure to mitigate his damages.

12. Some or all of Plaintiff's claims may be barred in whole or in part because he may have already received full satisfaction and/or compensation for the injuries and damages, if any, and his claims may be barred by Plaintiff's prior release of claims and/or accord and satisfaction with any entity.

13. An award or judgment rendered in favor of Plaintiff must be reduced by the amount of benefits Plaintiff received, or is entitled to receive, from any source as a result of the alleged incident.

14. Plaintiff's claims may be barred in whole or in part and/or preempted by federal law and/or international treaty.

14. Plaintiff's claims may be barred in whole or in part by applicable statutes of limitation.

16. Defendants reserve their rights to assert any and all additional defenses as may be revealed by further investigation and discovery and to supplement and amend their affirmative defenses as necessary in light of any facts, allegations, claims, or changes or modifications in the law.

## PRAYER FOR RELIEF

Defendants pray for the following relief from this Court:

1. A judgment that Plaintiff shall take nothing from Defendants by way of his Complaint;

2. An award to Defendants of costs of suit and any recoverable attorneys' fees; and

3. Such other and further relief as this Court deems proper.

## **DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury.

Dated:  November 17, 2015          Respectfully submitted,

LaMONTAGNE & AMADOR LLP

By:  */s/ Ralph S. LaMontagne, Jr.*
       Ralph S. LaMontagne, Jr.
       Eric A. Amador
   Attorneys for Defendants
   ALLEGIANT TRAVEL COMPANY and
   ALLEGIANT AIR, LLC